**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBINSON V. GONZALEZ** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **AUTO FINDERS LLC, <u>et</u> <u>al</u>.** | : | **NO. 12-2571** |

<u>MEMORANDUM</u>

**LUDWIG, J.**                                                   MAY 14, 2012

Plaintiff Robinson V. Gonzalez brings this civil action against Auto Finders LLC or Auto Finders Corp., Nick Gianocopolis, and "any and all genuine owners" of Auto Finders. He seeks to proceed <u>in forma pauperis</u>. For the following reasons, the Court will grant plaintiff leave to proceed <u>in forma pauperis</u> and dismiss his complaint.

**I.    FACTS**

Plaintiff claims that the defendants "falsified" his 2009 tax return by indicating that he received $60,000 in "non-employee" income. Accordingly, plaintiff claims that the defendants are liable for committing fraud and falsifying federal documents. He seeks $75,000 in damages "relating to this civil [and] criminal offense."

**II.   STANDARD OF REVIEW**

The Court grants plaintiff leave to proceed <u>in forma pauperis</u> because he has satisfied the requirements set out in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks

1

monetary relief from a defendant who is immune.  Whether a
complaint fails to state a claim under § 1915(e) is governed by
the same standard applicable to motions to dismiss under Federal
Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough,
184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to
determine whether the Complaint contains "sufficient factual
matter, accepted as true, to state a claim to relief that is
plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678
(2009) (quotations omitted).  Furthermore, "[i]f the court
determines at any time that it lacks subject-matter jurisdiction,
the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**III. ANALYSIS**

Plaintiff has not stated a federal claim based on his
allegation that he was the victim of a federal crime committed by
the defendants. See Chapa v. Adams, 168 F.3d 1036, 1038 (7th
Cir. 1999) ("Criminal statutes, which express prohibitions rather
than personal entitlements and specify a particular remedy other
than civil litigation, are . . . poor candidates for the
imputation of private rights of action."); Rumfelt v. Jazzie
Pools, Inc., Civ. A. No. 11-217, 2011 WL 2144553, at *5 (E.D. Va.
May 31, 2011) (observing that 26 U.S.C. § 7206, which
criminalizes the preparation of false tax returns, does not
provide a private right of action).  Furthermore, to the extent
plaintiff brings this action pursuant to 42 U.S.C. § 1983, he has
failed to state a claim because there is no indication that the
defendants are state actors. See Groman v. Twp. of Manalapan, 47

2

F.3d 628, 638 (3d Cir. 1995) ("[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law."). Nor is any other basis for a federal claim apparent from the complaint.

Although the complaint may state tort claims arising under state law, the Court lacks jurisdiction over those claims. Diversity jurisdiction requires diversity of citizenship among the parties and that the amount in controversy exceed $75,000 exclusive of interest and costs. See 28 U.S.C. § 1332(a). Here, diversity jurisdiction does not exist because the amount in controversy does not exceed $75,000. See Spectacor Mgmt. Grp. v. Brown, 131 F.3d 120, 122 (3d Cir. 1997) ("As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint."). Furthermore, it appears that diversity is lacking because the complaint suggests that the plaintiff and at least one defendant are Pennsylvania citizens. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) ("Complete diversity requires that[] . . . no plaintiff be a citizen of the same state as any defendant.").

A district court should ordinarily allow a pro se plaintiff to amend his complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002). As there is clearly no basis for a federal claim in this case, and as the Court lacks diversity jurisdiction over

plaintiff's state law claims, he will not be given leave to amend.

**IV.   CONCLUSION**

For the foregoing reasons, plaintiff's complaint is dismissed.   An appropriate order follows.